UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCENT CHIARELLI, PHILIP DRAGONETTI,
MICHELE MASZON, TODD MASZON, CHRIS
SANTIMAURO, LISA SUROWEIC, and JOHN           **MEMORANDUM & ORDER**
COMPTON, individually, and on behalf of others
similarly situated,                           **14-CV-4327 (NGG) (PK)**

                    Plaintiffs,

          -against-

NISSAN NORTH AMERICA, INC.,

                    Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Vincent Chiarelli, Philip Dragonetti, Michele Maszon, Lisa Suroweic, and John Compton bring this putative class action against Defendant Nissan North America, Inc. ("Nissan").[1] (See Am. Compl. (Dkt. 5).) Plaintiffs allege that Nissan installed a defective timing chain system in various models of Nissan vehicles, causing Plaintiffs to pay for repairs after the expiration of their otherwise applicable Nissan warranties. Plaintiffs assert causes of action under the consumer protection laws of New York, Florida, and Maryland, as well as breach of contract claims pursuant to New York, Florida, Maryland, and New Jersey law.[2] Defendant has moved for partial summary judgment, requesting that the court dismiss all but one of Plaintiffs' claims. (Mot. for Partial Summ. J. ("Mot.") (Dkt. 40).) The court hereby DENIES Nissan's Motion WITHOUT PREJUDICE because it is procedurally defective.

---

[1] Since the filing of the Amended Complaint, Lisa Suroweic and John Compton have been added as plaintiffs and Todd Maszon and Chris Santimauro have been removed as putative class representatives in this action. (See Stip. (Dkt. 36) ¶ 4.) In addition, Defendant Nissan Motor Co., Ltd. has been terminated from this action. (See Stip. (Dkt. 13) ¶ 1.)

[2] In its September 25, 2015, Memorandum and Order, the court dismissed Plaintiffs' state-law causes of action for breach of express warranty, breach of implied warranty of merchantability, and unjust enrichment; and the federal cause of action under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq. (Mem. & Order (Dkt. 21).)

1

## I. DISCUSSION

Defendant failed to submit a statement of undisputed material facts (a "Rule 56.1 Statement") with its Motion, in clear violation of this court's Local Rules.[3] Local Civil Rule 56.1 states that

> [u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there <u>shall</u> be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. <u>Failure to submit such a statement may constitute grounds for denial of the motion.</u>

(emphases added); cf. T.Y. v. N.Y.C. Dep't of Educ., 584 F.3d 412, 417 (2d Cir. 2009) (noting that Local Civil Rule 56.1 imposes a "strict" requirement).

"Local Rule 56.1 is designed to place the responsibility on the parties to clarify the elements of the substantive law which remain at issue because they turn on contested facts." Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 292 (2d Cir. 2000). It is not the court's responsibility to "hunt through voluminous records without guidance from the parties." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001). The movant's submission of a Rule 56.1 Statement is meant "to streamline the [court's] consideration of summary judgment motions." Id. As such, "[w]hile the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out." Monahan, 214 F.3d at 292.

Without a Rule 56.1 Statement from Defendant (and a response from Plaintiffs), the court cannot adequately assess whether there exist any genuine issues of material fact, which would

---

[3] In its opposition to Defendant's Motion, Plaintiffs notified Defendant that it had failed to submit the required Rule 56.1 Statement with its Motion. (Pls.' Mem. in Opp'n to Mot. ("Pls. Opp'n") (Dkt. 47) at 7.) Defendant had an opportunity to remedy this error by submitting a Rule 56.1 Statement with its reply papers, but chose not to. Moreover, Defendant chose not to respond to the Rule 56.1 Statement submitted by Plaintiffs. (See Pls. R. 56.1 Statement (Dkt. 46).)

2

preclude entry of summary judgment in favor of Defendant. Accordingly, Defendant's Motion is denied without prejudice. See, e.g., Barkley v. Olympia Mortg. Co., Nos. 04-CV-875 (KAM) (RLM), 05-CV-187 (KAM) (RLM), 05-CV-4386 (KAM) (RLM), 05-CV-5302 (KAM) (RLM), 05-CV-5362 (KAM) (RLM), 05-CV-5679 (KAM) (RLM), 2010 WL 3709278, at *14 (E.D.N.Y. Sept. 13, 2010) (denying summary judgment motion based on movant's failure to submit a Rule 56.1 Statement); MSF Holding Ltd. v. Fiduciary Trust Co. Int'l, 435 F. Supp. 2d 285, 304 (S.D.N.Y. 2006) (same); Searight v. Doherty Enters., Inc., No. 02-CV-0604 (SJF) (JO), 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005) (same).

In addition to being procedurally defective, Defendant's Motion may well be premature. Plaintiffs submit that merits and expert discovery has not yet commenced in this action and that "the minimal discovery" that has been taken "has only related to class discovery issues." (See Decl. of Gary Graifman in Opp'n to Mot. ("Graifman Decl.") (Dkt. 42) ¶¶ 16, 18, 19.)[4] Defendant responds that "[a]ny classwide conduct pertinent to Plaintiffs' claims . . . was subject to discovery during the [class] certification stage [of discovery]." (Def.'s Reply Mem. in Supp. of Mot. ("Def. Reply") (Dkt. 48) at 3.) Because the Motion is procedurally defective due to Defendant's failure to file a Rule 56.1 Statement, the court need not decide whether Defendant's Motion is also premature.[5]

---

[4] Plaintiffs assert that additional fact discovery should be taken regarding the following subjects: "the Class Vehicles' failure rates, per model years, for all models of Class Vehicles and at what mileage rates; what was known regarding Defendant's non-engineering departments and/or personnel regarding the defect; what access did non-engineering departments and/or personnel have to the alleged wrongdoing; what were Defendant's standards for disclosing defects; why were purchasers and/or lessees not informed of the problem; and safety related topics." (Graifman Decl. ¶ 18.) While Plaintiffs admit that they have obtained some documents from a similar action pending in the Central District of California (the "Falco matter"), including "certain internal documentation and depositions," they clarify that "the depositions were only of engineering personnel." (Id. ¶¶ 16, 17.) Plaintiffs report that fact discovery is still ongoing in the Falco matter and that they are "still developing their merits discovery plan" in this action. (Id. ¶¶ 19, 20.)

[5] A party "resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999) (internal quotation marks and citation omitted)). Because the court is not denying Defendant's

Notwithstanding, the court cautions the parties that it will not adjudicate summary judgment motions until the non-moving party has had "adequate time for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) ("[S]ummary judgment should only be granted [i]f after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." (internal quotation marks and citation omitted)); Trebor Sportswear Co., Inc. v. The Ltd. Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (holding that the non-moving party "should not be 'railroaded' into his offer of proof in opposition to summary judgment" and "must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment") (citing Celotex, 477 U.S. at 326, and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)).

## II. CONCLUSION

Because Defendant failed to file the required Rule 56.1 Statement, Defendant's Motion (Dkt. 40) is DENIED WITHOUT PREJUDICE. Should Defendant decide to re-file its Motion with a Rule 56.1 Statement, it must first obtain a certification from Magistrate Judge Peggy Kuo that fact discovery is complete. The court expects that any renewed motion filed by Defendant will comply with the Local Rules and the court's Individual Rules, including the page limits prescribed therein.[6]

---

Motion on the basis that it is premature, it need not decide whether the declaration proffered by Plaintiffs, describing the additional fact discovery that should be taken, meets the requirements outlined in Gurary.

[6] Plaintiffs correctly point out that Defendant's 29-page memorandum of law exceeds the page limits delineated in the court's Individual Rules. (See Pls. Opp'n at 7.) What is more, after Plaintiffs made this point in their opposition brief, Defendant unabashedly ignored the court's Individual Rules, which state that reply memoranda are limited to 10 pages, and filed a 15-page reply memorandum of law. (See Def. Reply.) Defendant argues that it "originally intended to file four separate motions" and therefore it was entitled to more than the maximum 25 pages called for in the Individual Rules. (Id. at 2.) The court warns Defendant that it could have and should have requested additional pages.

The Clerk of Court is respectfully DIRECTED to amend the case caption to reflect the fact that Todd Maszon and Chris Santimauro have been removed as putative class representatives in this action. (See Stip. (Dkt. 36) ¶ 4.)

SO ORDERED.

Dated: Brooklyn, New York
　　　　July 7, 2017

　　　　　　　　　　　　　　　　　　　　s/Nicholas G. Garaufis
　　　　　　　　　　　　　　　　　　　　NICHOLAS G. GARAUFIS
　　　　　　　　　　　　　　　　　　　　United States District Judge